UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACQUELINE C. FRANS,<br><br>   Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | NO: 13-CV-0292-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 20 and 21. Plaintiff is represented by Joseph Linehan. Defendant is represented by Erin Frances Highland. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

//

//

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe as or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income disability benefits on January 9, 2011, Tr. 171–79, 180–86. Plaintiff alleged her disability began October 1, 2008. Tr. 180. Plaintiff's claims were denied initially, Tr. 126–29, and upon reconsideration, Tr. 132–36. Plaintiff requested a hearing before an ALJ, Tr. 138–39, which was held on May 2, 2012, Tr. 43–83. The ALJ rendered a decision denying Plaintiff benefits on June 18, 2012. Tr. 20–30.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 1, 2008, the alleged onset date. Tr. 22. At step two, the ALJ found that Plaintiff had the following severe impairments: systemic lupus erythematosus (SLE), fibromyalgia, and a history of cardiomyopathy. *Id.* The ALJ did not find Plaintiff's hypertension, migraine headaches, gastro-esophageal

reflux disease, thyroid goiter, and chest pain to be severe.  Tr. 23.  At step three, the ALJ found that Plaintiff's does not have an impairment or combination of impairments that meets or equals a listed impairment.  Tr. 24.

The ALJ concluded that Plaintiff had the RFC to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb ladders, ropes, scaffolds; avoid concentrated exposure to extreme cold and heat, vibrations, fumes, odors, gases, dusts, poor ventilation, and hazardous machinery and heights."  Tr. 24.  The ALJ found, at step four, that Plaintiff's RFC allowed her to perform her past relevant work as a cashier and customer service agent.  Tr. 29.  Having concluded at step four that Plaintiff was not disabled, the ALJ did not proceed to determine under step five whether Plaintiff could perform other work in the national economy.

The Appeals Council denied Plaintiff's request for review on June 10, 2013, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Tr. 1–6; 20 C.F.R. §§ 404.981, 416.1484, 422.210.

## ISSUES

Plaintiff raises two issues for review.  First, Plaintiff argues that the ALJ failed to properly consider or to properly reject Plaintiff's testimony regarding her subjective impression of the severity of her symptoms.  ECF No. 20 at 7.  Second, Plaintiff argues that the ALJ erred in concluding that Plaintiff's impairment or

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

combination of impairments did not meet or exceed the listing for systemic lupus erythematosus (SLE). *Id*. at 9. The Court examines each contention in turn.

DISCUSSION

**A. Plaintiff's Testimony**

Plaintiff contends that the ALJ did not properly consider and did not properly reject her testimony reflecting that her capability to work was more limited than the ALJ had determined.

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908, 416.927. A claimant's statements about his or her symptoms alone will not suffice. 20 C.F.R. §§ 416.908, 416.927. Once an impairment has been proven to exist, an ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

However, an ALJ may conclude that the claimant's subjective assessment is unreliable, so long as the ALJ makes "a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). In making such a determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Here, the ALJ, having found Plaintiff had physical impairments, proceeded to evaluate "the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning." Tr. 26. The ALJ further stated that to the extent that the intensity, persistence, and limiting effect could "not be substantiated by objective medical evidence, the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

[ALJ] must make findings on the credibility of the statements based on a consideration of the entire case record." *Id.*

In reviewing the medical record, the ALJ noted a number of times that Plaintiff told medical examiners that she was not following her treatment as directed. Tr. 26, 27, 28. For example, medical examiners noted this in reports from November 2006, December 2006, and April 2007. Tr. 275, 293, 296. Significantly, plaintiff's treating physician, Dr. Sherry Wu, observed in December 2008, that Plaintiff has had "compliance issues" and that she had stopped taking all medications for around a year and a half. Tr. 28, 433. The ALJ concluded that when Plaintiff had been prescribed medications, and had taken them as prescribed, her symptoms were controlled.[1] Tr. 28. For example, in September 2011, Dr. Wu noted that Plaintiff had been prescribed a high dose of vitamin D that reduced her pain and improved her energy, but that Plaintiff had stopped taking it. Tr. 27, 503. The ALJ also found that her non-compliance was not justified by her lack of medical insurance for a period of time. Tr. 28. Plaintiff has not challenged this finding. The failure to follow a prescribed course of treatment "can cast doubt on the sincerity of the claimant's pain testimony." *Fair v. Brown*, 885 F.2d 597, 603 (9th Cir. 1989).

---

[1] Plaintiff has not asserted this conclusion was erroneous.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1  The ALJ also noted that Plaintiff's course of treatment has been conservative
2  with "significant periods of time where she has not taken any medications for her
3  symptoms." Tr. 28.  No doctor, including Dr. Wu, Plaintiff's treating physician,
4  has stated that Plaintiff cannot work at the sedentary or light levels. Tr. 29.  *See*
5  *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of conservative
6  treatment is sufficient to discount a claimant's testimony regarding the severity of
7  an impairment.").

8  In May 2009, a consultative examination by Dr. Krishna Malireddi showed
9  that Plaintiff's SLE was in remission. Tr. 26, 406–07.  At that point, Plaintiff was
10 not taking any medication. *Id*.  (An examination by treating physician Dr. Wu in
11 November 2011 also confirmed that Plaintiff's SLE had been in remission since
12 2008. Tr. 514.)  Dr. Robert Rose examined Plaintiff in April 2011, and concluded
13 that Plaintiff's "[o]verall dexterity appears to be adequate.  Her ability to handle,
14 grasp and manipulate does not appear to be affected although stamina and effort
15 cannot be addressed." Tr. 26–27, 463.  Similarly, both Drs. Rose and Wu noted
16 that Plaintiff's grip strength was strong. Tr. 28, 463, 504, 513.

17 "While subjective pain testimony cannot be rejected on the sole ground that
18 it is not fully corroborated by objective medical evidence, the medical evidence is
19 still a relevant factor in determining the severity of the claimant's pain and its
20 disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  The

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

1  ALJ determined that claimant's alleged symptoms and claimed level of limitation
2  were inconsistent with the objective medical evidence.  Tr. 26.  Specifically, the
3  ALJ did not find credible Plaintiff's statement that she could not do her own hair
4  because she had difficulty gripping and holding her arms up where "her physical
5  examinations show she has a good grip strength and motor strength."  Tr. 28.  The
6  ALJ also did not credit Plaintiff's claim that she can only sit for about thirty
7  minutes because the ALJ observed Plaintiff sit for nearly an hour of testimony
8  without standing or shifting and Plaintiff exhibited no evidence of pain or
9  discomfort.  *Id*.  While these observations cannot be the sole reason for rejecting
10 Plaintiff's testimony, they can be part of the ALJ's credibility determination.  *See*
11 *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); SSR 96-7P, 1996 WL
12 374186 (July 2, 1996) ("In instances where the individual attends an administrative
13 proceeding conducted by the adjudicator, the adjudicator may also consider his or
14 her own recorded observations of the individual as part of the overall evaluation of
15 the credibility of the individual's statements.").

16      Finally, the ALJ noted that Plaintiff's self-reported daily activities are "not
17 limited to the extent one would expect, given the complaints of disabling
18 symptoms and limitations."  Tr. 29.  The ALJ observed that Plaintiff testified she
19 takes her children to school, gets on the computer to talk with her mom on
20 Facebook for about twenty minutes, watches TV an average of five hours, and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

1  reads a couple hours a day, fixes meals, visits with friends, and occasionally goes
2  out to dinner. *Id.*; Tr. 65, 80–81.  The ALJ concluded that this testimony was
3  inconsistent with a debilitating pain that would prevent Plaintiff's ability to
4  perform work activities such as those of a cashier or customer service agent. *See*
5  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[I]f, despite his claims of pain,
6  a claimant is able to perform household chores and other activities that involve
7  many of the same physical tasks as a particular type of job, it would not be
8  farfetched for an ALJ to conclude that the claimant's pain does not prevent the
9  claimant from working.").

10   The ALJ's credibility determination was based upon specific, clear, and
11  convincing reasons sufficient for this Court to conclude that the determination was
12  not arbitrary.  *See Thomas*, 278 F.3d at 958–59.  As such, the ALJ properly
13  evaluated and rejected Plaintiff's testimony.

14   **B. Listing 14.02**

15   Plaintiff also contends that the ALJ erred in concluding, at step three, that
16  her SLE did not meet or medically equal a listed impairment, 20 C.F.R. 404,
17  Subpt. P, App. 1, 14.02.  ECF No. 20 at 9–10.  Specifically, Plaintiff argues that
18  the combination of her SLE with her fibromyalgia, history of cardiomyopathy, and
19  her testimony about fatigue and malaise, meet or equal a listed impairment. *Id*.
20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

"To *meet* a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim." *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999) (emphasis in original). "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment 'most like' the claimant's impairment." *Id*. (citing 20 C.F.R. § 404.1526) (emphasis in original). A determination of medical equivalence "must be based on medical evidence only." *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(d)(3)); *see also Bowser v. Comm'r of Soc. Sec.*, 121 Fed.Appx. 231, 232 (9th Cir. 2005) ("Step three . . . directs the adjudicator to determine whether, in light of the objective medical evidence, the claimant has a severe impairment or combination of impairments that meets or equals the criteria in the Listing of Impairments . . . ."). If a claimant's impairments meet or equal a Listing, the claimant is "conclusively presumed to be disabled," and is entitled to an award of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); *see also Lester v. Chater*, 81 F.3d 821, 828 (9th Cir. 1995) ("Claimants are conclusively disabled if their condition either meets or equals a listed impairment.") (emphasis omitted).

A claimant satisfies Listing 14.02 if they have an objective diagnosis of SLE accompanied by either

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

A. Involvement of two or more organs/body systems, with:
   1. One of the organs/body systems involved to at least a moderate level of severity; and
   2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).

or

B. Repeated manifestations of SLE, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
   1. Limitation of activities of daily living.
   2. Limitation in maintaining social functioning.
   3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. 404, Subpt. P, App. 1, 14.02.

The ALJ concluded that the record did not reflect the significant constitutional symptoms such as signs of sever fatigue, fever, malaise, or involuntary weight loss. Tr. 24. None of the medical records indicate that Plaintiff suffers from severe fatigue, malaise, or fever and none indicated involuntary weight loss. Moreover, as discussed above, Plaintiff's testimony concerning the severity of her symptoms was properly discounted by the ALJ. As such, the Court cannot conclude that the ALJ erred in finding that Plaintiff failed to meet her burden to show that her combination of impairments met or equaled all of the requirements in Listing 14.02. Accordingly, Defendant is entitled to summary judgment.

//

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (ECF No. 21) is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment (ECF No. 20) is **DENIED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** this September 17, 2014



THOMAS O. RICE
United States District Judge